















JRL   12/7/01   8:39

3:01-CV-00410   PEREZ V. CITY OF ESCONDIDO

*52*

*AMDCMP.*

1  Carl M. Lewis, SBN 121776
   1551 Fourth Ave., Suite 303
2  San Diego, CA 92101
   Tel: (619) 232-0160
3  Attorney for Plaintiffs: Javier Perez. and Yesenia Perez

4  Leon J. Saad, SBN 129193
   1551 Fourth Ave., Suite 303
5  San Diego, CA 92101
   Tel: (619) 230-8529
6  Attorney for Plaintiffs: Estella Perez

7

8              IN THE UNITED STATES DISTRICT COURT

9           FOR THE SOUTHERN DISTRICT OF CALIFORNIA

10

11

12  JAVIER PEREZ., an minor; YESENIA        Civil Case No. 01CV 0410K (AJB)
    PEREZ, a minor; and ESTELLA PEREZ, an
13  individual,

14              Plaintiffs,                   SECOND AMENDED COMPLAINT FOR
                                              DAMAGES AND EQUITABLE RELIEF
15          vs.                               FOR VIOLATION OF
                                              CONSTITUTIONAL CIVIL RIGHTS [42
16  CITY OF ESCONDIDO, a governmental         U.S.C. §1983]; NEGLIGENCE;
    entity; ESCONDIDO POLICE                  INTENTIONAL INFLICTION OF
17  DEPARTMENT, a governmental entity;        EMOTIONAL DISTRESS; NEGLIGENT
    DUANE WHITE, an individual;               INFLICTION OF EMOTIONAL
18  OFFICER J. MURPHY, an individual;         DISTRESS; BATTERY; RECKLESS
    SERGEANT LANIGAN, an individual;          ENDANGERMENT
19  KEITH SUDAK (DOE 1), an individual;
    DAMIAN TORRES (DOE 2), an individual;
20  STEVE LA MARCA (DOE 3), an               Demand for Jury Trial
    individual; STEVE SANDERS (DOE 4), an
21  individual; MIKE NELSON (DOE 5), an
    individual; MARCO SEVILLA (DOE 6), an
22  individual and DOES 7 through 10,

23              Defendants.

24

25

26

27

28
                                                    01CV 0410K (AJB)





COMES NOW THE PLAINTIFFS and alleges a follows:

## INTRODUCTORY STATEMENT

1.      This is a civil action for damages and injunctive relief brought pursuant to the United States Constitution, 42 U.S.C. §§ 1983 and 1988 and Federal Rules of Civil Procedure Rule 65, resulting from deprivations by Defendants, acting under color of law, of Plaintiffs' rights under the Fourth, Fifth, Eighth and Fourteenth amendments to the United States Constitution, and for tortious behavior under California state law.

2.      Plaintiffs each hereby demand jury trials pursuant to F.R.C.P. Rule 38(b).

## JURISDICTION and VENUE

3.      This court has jurisdiction over these claims pursuant to article III, section 1 of the United States Constitution and 28 U.S.C. §§ 1331 and 1343.

4.      Plaintiffs also request this Court to assert supplemental jurisdiction to decide the asserted statutory and common law tort claims.

5.      Plaintiffs will petition this Court, in the manner authorized by the California Code of Civil Procedure, and within the time provided for therein, to relieve plaintiffs of claim filing requirements with regard to state claims.

6.      Venue is properly established in this judicial district pursuant to 28 U.S.C. §1391 in that all parties reside, and all conduct alleged, occurred within this district.

## PARTIES

7.      Plaintiff JAVIER PEREZ ("JAVIER")is, and at all times relevant to the allegations of this complaint was, a minor resident of San Diego County and a citizen of the United States.

8.      Plaintiff YESENIA  PEREZ ("YESENIA")is, and at all times relevant to the allegations of this complaint was, a minor resident of San Diego County and a citizen of the United States.

9.      Plaintiff ESTELLA  PEREZ ("E. PEREZ") is, and at all times relevant to the allegations of this complaint was, a resident of San Diego County and a citizen of the United States.

01CV 0410K (AJB)

10.     Plaintiffs are informed, believe and thereon allege that defendant OFFICER J. MURPHY ("MURPHY"), badge number 323, was at all times relevant hereto an officer employed by the Escondido Police Department.  The acts of defendant MURPHY that are the subject of this lawsuit were undertaken in the regular course of his employment for defendants CITY OF ESCONDIDO and ESCONDIDO POLICE DEPARTMENT.  At all times relevant hereto, defendant MURPHY was acting under color of law in his official capacity.  Upon information and belief, defendant MURPHY is a resident of San Diego County is sued herein both individually and in his official capacity.

11.     Plaintiffs are informed, believe and thereon allege, that defendant SERGEANT LANIGAN ("LANIGAN"), badge number 193 was at all times relevant hereto an officer employed by the CITY OF ESCONDIDO and the  ESCONDIDO POLICE DEPARTMENT.  The acts of defendant LANIGAN that are the subject of this lawsuit were undertaken in the regular course of his employment for defendants CITY OF ESCONDIDO and the ESCONDIDO POLICE DEPARTMENT.   At all times relevant hereto, defendant LANIGAN was acting under color of law in his official capacity.  Upon information and belief, defendant LANIGAN is a resident of San Diego County an is s sued both individually and in his official capacity.

12.     Upon filing of the Complaint and First Amended Complaint herein plaintiffs were ignorant of the true name of certain defendants and having designated said defendant in the Complaint and First Amended Complaint by the fictitious name of DOE 1, and having discovered the true name of said defendant to be KEITH SUDAK ("SUDAK"), plaintiffs hereby amend their allegations to insert such true name in place and stead of such fictitious name wherever it appears and allege herein, on information and belief, that defendant SUDAK, badge number 245 was at all times relevant hereto an officer employed by the CITY OF ESCONDIDO and the  ESCONDIDO POLICE DEPARTMENT.  The acts of defendant SUDAK that are the subject of this lawsuit were undertaken in the regular course of his employment for defendants CITY OF ESCONDIDO and the  ESCONDIDO POLICE DEPARTMENT.   At all times relevant hereto, defendant SUDAK was acting under color of law in his official capacity.  Upon

01CV 0410K (AJB)

1   information and belief, defendant SUDAK is a resident of San Diego County an is s sued both

2   individually and in his official capacity.

3       13.   Upon filing of the Complaint and First Amended Complaint herein plaintiffs were

4   ignorant of the true name of certain defendants and having designated said defendant in the

5   Complaint and First Amended Complaint by the fictitious name of DOE 2, and having

6   discovered the true name of said defendant to be DAMIAN TORRES ("TORRES"), plaintiffs

7   hereby amend their allegations to insert such true name in place and stead of such fictitious name

8   wherever it appears and allege herein, on information and belief, that defendant TORRES, badge

9   number 328 was at all times relevant hereto an officer employed by the CITY OF ESCONDIDO

10  and the  ESCONDIDO POLICE DEPARTMENT. The acts of defendant TORRES that are the

11  subject of this lawsuit were undertaken in the regular course of his employment for defendants

12  CITY OF ESCONDIDO and the  ESCONDIDO POLICE DEPARTMENT.   At all times

13  relevant hereto, defendant TORRES was acting under color of law in his official capacity.  Upon

14  information and belief, defendant TORRES is a resident of San Diego County an is sued both

15  individually and in his official capacity.

16      14.   Upon filing of the Complaint and First Amended Complaint herein plaintiffs

17  were ignorant of the true name of certain defendants and having designated said defendant in the

18  Complaint and First Amended Complaint by the fictitious name of DOE 3, and having

19  discovered the true name of said defendant to be STEVE LA MARCA  ("LA MARCA"),

20  plaintiffs hereby amend their allegations to insert such true name in place and stead of such

21  fictitious name wherever it appears and allege herein, on information and belief, that defendant

22  LA MARCA, badge number 297 was at all times relevant hereto an officer employed by the

23  CITY OF ESCONDIDO and the  ESCONDIDO POLICE DEPARTMENT. The acts of

24  defendant LA MARCA that are the subject of this lawsuit were undertaken in the regular course

25  of his employment for defendants CITY OF ESCONDIDO and the  ESCONDIDO POLICE

26  DEPARTMENT.   At all times relevant hereto, defendant LA MARCA was acting under color of

27  law in his official capacity.  Upon information and belief, defendant LA MARCA is a resident of

28  San Diego County an is s sued both individually and in his official capacity.

01CV 0410K (AJB)

15.   Upon filing of the Complaint and First Amended Complaint herein plaintiffs were ignorant of the true name of certain defendants and having designated said defendant in the Complaint and First Amended Complaint by the fictitious name of DOE 4, and having discovered the true name of said defendant to be STEVE SANDERS ("SANDERS"), plaintiffs hereby amend their allegations to insert such true name in place and stead of such fictitious name wherever it appears and allege herein, on information and belief, that defendant SANDERS, badge number 154 was at all times relevant hereto an officer employed by the CITY OF ESCONDIDO and the ESCONDIDO POLICE DEPARTMENT. The acts of defendant SANDERS that are the subject of this lawsuit were undertaken in the regular course of his employment for defendants CITY OF ESCONDIDO and the ESCONDIDO POLICE DEPARTMENT.   At all times relevant hereto, defendant SANDERS was acting under color of law in his official capacity.  Upon information and belief, defendant SANDERS is a resident of San Diego County an is s sued both individually and in his official capacity.

16.   Upon filing of the Complaint and First Amended Complaint herein plaintiffs were ignorant of the true name of certain defendants and having designated said defendant in the Complaint and First Amended Complaint by the fictitious name of DOE 5, and having discovered the true name of said defendant to be MIKE NELSON ("NELSON"), plaintiffs hereby amend their allegations to insert such true name in place and stead of such fictitious name wherever it appears and allege herein, on information and belief, that defendant NELSON, badge number 342 was at all times relevant hereto an officer employed by the CITY OF ESCONDIDO and the ESCONDIDO POLICE DEPARTMENT. The acts of defendant NELSON that are the subject of this lawsuit were undertaken in the regular course of his employment for defendants CITY OF ESCONDIDO and the ESCONDIDO POLICE DEPARTMENT.   At all times relevant hereto, defendant NELSON was acting under color of law in his official capacity.  Upon information and belief, defendant NELSON is a resident of San Diego County an is s sued both individually and in his official capacity.

17.   Upon filing of the Complaint and First Amended Complaint herein plaintiffs were ignorant of the true name of certain defendants and having designated said defendant in the

01CV 0410K (AJB)

1   Complaint and First Amended Complaint by the fictitious name of DOE 6, and having

2   discovered the true name of said defendant to be MARCO SEVILLA ("SEVILLA"), plaintiffs

3   hereby amend their allegations to insert such true name in place and stead of such fictitious name

4   wherever it appears and allege herein, on information and belief, that defendant SEVILLA,

5   badge number 281 was at all times relevant hereto an officer employed by the CITY OF

6   ESCONDIDO and the  ESCONDIDO POLICE DEPARTMENT. The acts of defendant

7   SEVILLA that are the subject of this lawsuit were undertaken in the regular course of his

8   employment for defendants CITY OF ESCONDIDO and the  ESCONDIDO POLICE

9   DEPARTMENT.   At all times relevant hereto, defendant SEVILLA was acting under color of

10   law in his official capacity.  Upon information and belief, defendant SEVILLA is a resident of

11   San Diego County an is s sued both individually and in his official capacity.

12          18.      Plaintiffs are informed, believe and thereon allege that ESCONDIDO POLICE

13   DEPARTMENT ("DEPARTMENT") was at all times relevant hereto a governmental entity

14   within the State of California.  At all relevant times DEPARTMENT employed all other

15   individual defendants herein.  At all relevant times, DEPARTMENT had the power, right and

16   duty to control the manner in which the individual Defendants carried out the objectives of their

17   employment and to see that all orders, rules, instructions and regulations promulgated were

18   consistent with the United States Constitution and the laws of the State of California.

19   DEPARTMENT is sued as a person pursuant to 42 U.S.C. § 1983.

20          19.      Plaintiffs are is informed, believe and thereon allege that DUANE WHITE

21   ("WHITE") was at all times relevant hereto the Chief of Police.  As such he was responsible for

22   the supervision, training, instruction, discipline, control and conduct of defendants LANIGAN,

23   MURPHY, SUDAK, TORRES, LA MARCA, SANDERS, NELSON, and SEVILLA. He was

24   also responsible by law for enforcing the regulations of the DEPARTMENT and for ensuring

25   that DEPARTMENT personnel obey the laws of the State of California and of the United States.

26   At all relevant times hereto, Defendant was acting under color of law in his official capacity.

27   Plaintiffs allege upon information and belief, defendant WHITE is a resident of San Diego

28   County and is sued herein both individually and in his official capacity.

20.    Plaintiffs are informed, believe and thereon allege that CITY OF ESCONDIDO ("CITY") was at all times relevant hereto a governmental entity within the State of California. At all relevant times CITY employed all other individual defendants herein. At all relevant times, CITY had the power, right and duty to control the manner in which the individual Defendants carried out the objectives of their employment and to see that all orders, rules, instructions and regulations promulgated for the ESCONDIDO POLICE DEPARTMENT were consistent with the United States Constitution and the laws of the State of California. CITY is sued as a person pursuant to 42 U.S.C. § 1983.

21.    Plaintiffs are unaware of the true names and capacities of the defendants sued herein under the fictitious names of DOES 1 through 10 inclusive, as the identity and conduct of said defendants rests exclusively within the possession of the named Defendants, but reserves the right to amend this complaint to allege said names and capacities upon being ascertained.

22.    Plaintiffs are informed, believe and thereon allege that Defendants, and each of them, were, at all relevant times set forth herein, acting as the agents and/or employees of the other and are therefore responsible in some way for the acts alleged.

### FIRST CAUSE OF ACTION
### VIOLATION OF UNITED STATES CONSTITUTIONAL RIGHTS
### (Plaintiff Javier Perez against All Defendants)

23.    Paragraphs 1 through 22 are adopted and incorporated by reference as though set forth fully herein.

24.    On the evening of March 10, 2000, plaintiff Javier Perez, while severely depressed and intoxicated to a state of incoherence, mistakenly dialed 911 instead of his girl friend's number and then hung up. The 911 operator called him back and the ensuing conversation and events were captured on audio tape. The operator notified Escondido Police Officers that Javier was under the influence and had a gun (though in fact a BB gun). The operator, in constant contact with officers, kept Javier occupied on the telephone for twenty-five minutes while eight police officers, including a rifleman, took up hidden positions on and in front of the Perez home. During the entire conversation with Javier, the officers knew he was a minor and incoherent. The officers knew that he did not know he was talking to the police. At

01CV 0410K (AJB)

various times, Javier thought he was talking to his girl friend or other individuals. When officers were ready, weapons drawn and the front door sighted in the scope of a police rifleman, Javier was instructed to go outside. All external lights had been extinguished by the officers.   The operator told him his girl friend was outside and that he should go outside. She assured him it would be all right. The operator asked Javier to leave the gun behind, but he said he couldn't because there might be gang members outside. He opened the front door to pitch blackness. He stumbled down the front step while talking to the operator on the telephone in his right hand and dangling the BB gun pointed toward the ground in his left hand. Without identifying themselves as police officers, someone shouted "put your hands up." As he attempted to raise his hands, he was gunned down. With half his lung missing, and ribs shattered in his chest, Javier was forcibly rolled over and handcuffed. He stopped breathing. Javier's mother and sister, plaintiffs Estella Perez and Yesenia, were witnesses to horrific events during and following the shooting. Javier had to be resuscitated several times at the scene and at the trauma center. As a result of complete loss of blood pressure, Javier suffered a stroke resulting in neurological and cognitive impairment of a substantial and permanent nature.

25.     Plaintiff was shot with large caliber weapons in an attempt to kill him.

26.     Plaintiff is informed, believes and thereon alleges that defendants SUDAK and TORRES are the individual employees of the DEPARTMENT who were  responsible for the physical act of  shooting him.

27.     Plaintiff is informed, believes and thereon alleges that defendants LANIGAN, MURPHY, SANDERS, LA MARCA, SEVILLA, and NELSON are the individual employees of the DEPARTMENT who acted in concert with SUDAK and TORRES to abet and implement the use of unlawful deadly force and cause Plaintiff to be shot.

28.     Plaintiff is informed, believes and thereon alleges that defendants, and each of them, exacerbated Plaintiff's injuries by rolling him, handcuffing him, and delaying rendering of medical treatment.

29.     Plaintiff is informed, believes and thereon alleges that defendants, and each of them, conducted an unlawful search and seizure of Plaintiff's residence and personal property.

30. Plaintiff is informed, believes and thereon alleges that at all relevant times, he was obeying telephonic instructions from the CITY and DEPARTMENT when proceeding out his house where he was shot and was assured that the officers were outside to help him.

31. Plaintiff is informed, believes and thereon alleges, that defendants, and each of them, knew or should have known, at all relevant times, that Plaintiff was a minor and was being instructed to exit his house by defendants CITY and DEPARTMENT.

32. Plaintiff is informed, believes and thereon alleges, that the conduct of defendants, and each of them, was undertaken without justification or probable cause and that was the victim of racial profiling by defendants and each of them.

33. Plaintiff claims damages, according to proof at trial, for the injuries set forth above under 42 U.S.C. § 1983 against all Defendants, acting under color of law, for violations of his federal constitutional rights including, but not limited to, Plaintiff's rights to be free from unreasonable searches and seizures, use of excessive and unlawful force, deprivation of life and liberty without due process of law, deprivation of the right of association, and denial of equal protection.

34. These damages include, but are not limited to:

     a.    physical injury,

     b.    severe emotional distress, humiliation and embarrassment,

     c.    physical pain and suffering, and

     d.    past and future medical expenses

     e.    disability including future custodial care.

35. Plaintiff is informed, believes, and thereon alleges that the conduct of Defendants, and each of them, constituted intentional acts undertaken with malice and oppression to deprive Plaintiff of his federal constitutional and state rights and otherwise cause injury and hardship in conscious disregard of Plaintiff's rights so as to justify the imposition of exemplary and punitive damages, according to proof at trial.

36. Plaintiff is informed, believes and thereon alleges that Defendants, and each of them, had no probable cause to believe that Plaintiff posed a threat to their safety, no articulable

01CV 0410K (AJB)

reasonable basis suspicion to detain, physically handle or shoot Plaintiff, and no legal cause or excuse to search or seize the person of Plaintiff.

37.     At all times during the events described above, Defendants, and each of them, were acting in a joint venture.  Defendants, and each of them, assisted each other in performing the various actions described and lent their physical presence and support and the authority of their office to each other during the afore described events.

38.     Plaintiff is informed, believes and thereon alleges that the abuse to which Plaintiff was subjected was consistent with an institutionalized policy, practice, custom or usage of DEPARTMENT and CITY, which was known to and ratified by all Defendants, the Defendants at no time having taken any effective action to prevent DEPARTMENT or CITY personnel from continuing to engage in such misconduct.

39.     On information and belief, Defendant WHITE directly and proximately caused Plaintiff to be deprived of his constitutional rights including but not limited to his rights under the First, Fourth and Fourteenth amendments by:

a.     inadequately supervising the training and conduct of all officer defendants,

b.     issuing vague, confusing, and contradictory policies concerning the use of excessive force and racial and/or ethical criteria that are inconsistent with the requirements of the Fourth, Fifth, and Fourteenth amendments of the United States Constitution,

c.     failing to implement meaningful procedures to discourage lawless official conduct,

d.     failing to comply with the stated mission and goals of the DEPARTMENT.

40.     Defendant WHITE negligently caused the below described injuries by failing properly to train, supervise and control the conduct of Defendant Police Officers where he had a duty to do so.

41.     CITY, under color of law, authorized, permitted, tolerated, ratified and/or acquiesced in the polity, custom and practice of the unconstitutional and excessive use of force

1  and racial profiling by members of the DEPARTMENT, and in particular by each Defendant

2  individually by:

3             a.      failing to properly appoint, promote, train and supervise members of the

4  DEPARTMENT who would enforce the laws in effect in the County of San Diego and who

5  would protect the constitutional rights of the people of the CITY,

6             b.      failing to require Defendant WHITE to promulgate procedures and

7  policies, and to monitor and supervise the implementation and compliance of such procedures

8  and policies, for the use of appropriate force that are consistent with the Fourth, Fifth, Eighth and

9  Fourteenth amendments,

10             c.      permitting the policy and custom of using excessive force and improper

11  racial and/or ethnic criteria to exist and to be followed by the DEPARTMENT,

12             d.      failing properly to discipline, restrict and control employees, including the

13  individual Defendants, who were irresponsible in their dealings with citizens of the community,

14             e.      failing to take adequate precautions in the hiring, promoting and retention

15  of police personnel, including specifically the individual Defendants, and thereby proximately

16  causing the depravation of Plaintiff's rights under the Fourth, Fifth, Eighth and Fourteenth

17  amendments of the United States Constitution.

18       42.     CITY and DEPARTMENT negligently caused the below described injuries to

19  Plaintiff by failing to properly train, supervise and control the conduct of Defendant's officers

20  where CITY and DEPARTMENT had a duty to do so.

21       43.     Defendants CITY and DEPARTMENT is further liable for all state law violations

22  under the doctrine of respondeat superior.

23       44.     At all times relevant, Defendants, and each of them,  owed Plaintiff a duty of

24  care.

25       45.     As a direct and proximate cause of the above described acts of Defendants, and

26  each of them, acting under color of law, Plaintiff suffered injuries and damages including, but

27  not limited to:

28             a.      violations of his constitutional rights under the First, Fourth and

01CV 0410K (AJB)

Fourteenth amendments to the United States Constitution to be free from unreasonable searches and seizures of his person, including the use of excessive force, and freedom of association,

    b.  infliction of physical harm,

    c.  physical pain and suffering,

    d.  serious and severe emotional distress and suffering, and

    e.  past and future medical expenses according to proof.

## SECOND CAUSE OF ACTION
### VIOLATION OF UNITED STATES CONSTITUTIONAL RIGHTS
### (Plaintiff Yesenia Perez against All Defendants)

46. Paragraphs 23 through 45 are adopted and incorporated by reference as though set forth fully herein.

47. Plaintiff Javier was followed to the front door by his mother and sister, plaintiff Yesenia.

48. Obeying the instruction of the 911 operator, with whom he was still speaking on a cordless telephone, Plaintiff's brother exited the door of his home where was gunned down by City of Escondido Police Officers without cause or justification.

49. Plaintiff's brother was shot with large caliber weapons in an unlawful attempt to kill him.

50. Plaintiff is informed, believes and thereon alleges that defendants SUDAK and TORRES are individual employees of the Escondido Police Department responsible for the physical act of unlawfully shooting of her brother and the endangering of her life.

51. Plaintiff is informed, believes and thereon alleges that defendants LANIGAN, MURPHY, SANDERS, LA MARCA, SEVILLA, and NELSON are the individual employees of the DEPARTMENT who acted in concert with SUDAK and TORRES to abet and implement the use of unlawful deadly force and cause Plaintiff's life to be endangered.

52. Plaintiff was in the immediate vicinity of the shooting and, with callous disregard of her safety and the safety of others, was recklessly endangered by the conduct of the officers in that she was placed at risk of being killed or seriously injured by the officer's conduct, was denied due process of law, was denied equal protection as a result of racial profiling, was

01CV 0410K (AJB)

1   subjected to unlawful search and seizure and was subjected to cruel and unusual punishment.

2       53.     Plaintiff witnessed the incident and resulting life threatening injuries inflicted on

3   her brother, and, as a result, has suffered and continues to suffer severe and continuing emotional

4   distress.

5       54.     Plaintiff further alleges on information and belief that she was subjected to an

6   unlawful search and seizure of her residence and personal property.

7       55.     Plaintiff is informed, believes and thereon alleges, that defendants, and each of

8   them, knew or should have known, at all relevant times, that Plaintiff was a minor, was present

9   at the location of the shooting,  and was at risk of being killed or seriously injured.

10      56.     Plaintiff is informed, believes and thereon alleges, that the conduct of defendants

11  was undertaken without probable cause, the shooting of her brother was the result of use of

12  excessive force and racial profiling, and that as a result her safety and well-being were

13  consciously disregarded by defendants and each of them.

14      57.     Plaintiff claims damages, according to proof at trial, for the injuries set forth

15  above under 42 U.S.C. § 1983 against all Defendants, acting under color of law, for violations of

16  her federal constitutional rights including, but not limited to, Plaintiff's rights to be free from

17  unreasonable and excessive uses of force, reckless endangerment, denial of due process of law,

18  denial of equal protection as a result of racial profiling, right to association and subjected to

19  unlawful search and seizure.

20      58.     These damages include, but are not limited to:

21          a.      severe emotional distress, fear and anxiety

22          b.      past and future medical expenses

23      59.     Plaintiff is informed, believes, and thereon alleges that the conduct of Defendants,

24  and each of them, constituted intentional acts undertaken with malice and oppression to deprive

25  Plaintiff of her federal constitutional and state rights and otherwise cause injury and hardship in

26  conscious disregard of Plaintiff's rights so as to justify the imposition of exemplary and punitive

27  damages, according to proof at trial.

28      60.     Plaintiff is informed, believes and thereon alleges that Defendants, and each of

01CV 0410K (AJB)

them, had no probable cause to believe that Plaintiff's brother posed a threat to their safety, no articulable reasonable basis to endanger her life and safety.

61.     At all times during the events described above, Defendants, and each of them, were acting in a joint venture.  Defendants, and each of them, assisted each other in performing the various actions described and lent their physical presence and support and the authority of their office to each other during the afore described events.

62.     Plaintiff is informed, believes and thereon alleges that the abuse to which Plaintiff was subjected was consistent with an institutionalized policy, practice, custom or usage of DEPARTMENT and CITY, which was known to and ratified by all Defendants, the Defendants at no time having taken any effective action to prevent DEPARTMENT or CITY personnel from continuing to engage in such misconduct.

63.     On information and belief, Defendant WHITE directly and proximately caused Plaintiff to be deprived of her constitutional rights including but not limited to Plaintiff's rights under the First, Fourth, and Fourteenth amendments by:

a.     inadequately supervising the training and conduct of officer defendants,

b.     issuing vague, confusing, and contradictory policies concerning use of excessive force and racial profiling that are inconsistent with the requirements of the Fourth, Fifth, and Fourteenth amendments of the United States Constitution,

c.     failing to implement meaningful procedures to discourage lawless official conduct,

d.     failing to comply with the stated mission and goals of the DEPARTMENT.

64.     Defendant WHITE negligently caused the below described injuries by failing properly to train, supervise and control the conduct of Defendant Police Officers where he had a duty to do so.

65.     CITY, under color of law, authorized, permitted, tolerated, ratified and/or acquiesced in the polity, custom and practice of the unconstitutional and excessive use of force by members of the DEPARTMENT, and in particular by each Defendant individually by:

01CV 0410K (AJB)

1    a. failing to properly appoint, promote, train and supervise members of the

2 DEPARTMENT who would enforce the laws in effect and who would protect the constitutional

3 rights of the people of the CITY,

4    b. failing to require Defendant WHITE to promulgate procedures and

5 policies, and to monitor and supervise the implementation and compliance of such procedures

6 and policies, for the use of appropriate force that are consistent with the Fourth, Fifth, Eighth and

7 Fourteenth amendments,

8    c. permitting the policy and custom of use of excessive force and racial

9 profiling of citizens to exist and to be followed by the DEPARTMENT,

10    d. failing properly to discipline, restrict and control employees, including the

11 individual Defendants, who were irresponsible in their dealings with citizens of the community,

12    e. failing to take adequate precautions in the hiring, promoting and retention

13 of police personnel, including specifically the individual Defendants, and

14    f. failing to establish and/or assure the functioning of a bona fide and

15 meaningful departmental system for ensuring appropriate use of force and misuse of racial and

16 ethnic criteria thereby proximately causing the depravation of Plaintiff's rights under the Fourth,

17 Fifth, Eighth and Fourteenth amendments of the United States Constitution.

18  66. CITY and DEPARTMENT negligently caused the below described injuries to

19 Plaintiff by failing to properly train, supervise and control the conduct of Defendant's officers

20 where CITY and DEPARTMENT had a duty to do so.

21  67. Defendants CITY and DEPARTMENT are further liable for all state law

22 violations under the doctrine of respondeat superior.

23  68. At all times relevant, Defendants owed Plaintiff a duty of care.

24  69. As a direct and proximate cause of the above described acts of Defendants, and

25 each of them, acting under color of law, Plaintiff suffered injuries and damages including, but

26  70. a. violations of her constitutional rights under the First, Fourth and

27 Fourteenth amendments to the United States Constitution to be free from unreasonable searches

28 and seizures and deprivation of her right to freedom of association,

b.    serious and severe emotional distress, fear and anxiety,

c.    past and future medical expenses.

### THIRD CAUSE OF ACTION
### VIOLATION OF UNITED STATES CONSTITUTIONAL RIGHTS
### (Plaintiff Estela Perez against All Defendants)

71.    Paragraphs 46 through 70 are adopted and incorporated by reference as though set forth fully herein.

72.    Javier was followed to the front door by his sister and his mother, plaintiff Estella.

73.    Obeying the instruction of the 911 operator, with whom he was still speaking on a cordless telephone, Plaintiff's son exited the door of his home where was instantly and without warning gunned down by City of Escondido Police Officers without cause or justification.

74.    Plaintiff's son was shot with large caliber weapons in an unlawful attempt to kill him.

75.    Plaintiff is informed, believes and thereon alleges that defendants SUDAK and TORRES are individual employees of the Escondido Police Department responsible for the unlawful shooting of her son and the endangering of her life.

76.    Plaintiff is informed, believes and thereon alleges that defendants LANIGAN, MURPHY, SANDERS, LA MARCA, SEVILLA, and NELSON are the individual employees of the DEPARTMENT who acted in concert with SUDAK and TORRES to abet and implement the use of unlawful deadly force and cause Plaintiff's life to be endangered.

77.    Plaintiff was in the immediate vicinity of the shooting, and, with callous disregard of her safety and the safety of others, was recklessly endangered by the conduct of the officers in that she was placed at risk of being killed or seriously injured by the officer's conduct, was denied due process of law, was subject to unlawful search seizure of her residence and personal property, denied the right of association, and denied equal protection as a result of racial profiling.

78.    Plaintiff witnessed the incident and resulting life threatening injuries inflicted on

01CV 0410K (AJB)

her son, and, as a result, has suffered and continues to suffer severe and continuing emotional distress.

79.     Plaintiff is informed, believes and thereon alleges, that defendants, and each of them, knew or should have known, at all relevant times, that Plaintiff was present at the location of the shooting, and was at risk of being killed or seriously injured.

80.     Plaintiff is informed, believes and thereon alleges, that the conduct of defendants was undertaken without probable cause, the shooting of her son was the result of use of excessive force and racial profiling, and that as a result her safety and well-being were consciously disregarded by defendants and each of them.

81.     Plaintiff claims damages, according to proof at trial, for the injuries set forth above under 42 U.S.C. § 1983 against all Defendants, acting under color of law, for violations of her federal constitutional rights including, but not limited to, Plaintiff's rights to be free from unreasonable and excessive uses of force, reckless endangerment, unlawful search and seizure, denial of due process, right of association and denial of equal protection.

82.     These damages include, but are not limited to:

        a.     severe emotional distress, fear and anxiety,

        b.     past and future medical expenses

83.     Plaintiff is informed, believes, and thereon alleges that the conduct of Defendants, and each of them, constituted intentional acts undertaken with malice and oppression to deprive Plaintiff of her federal constitutional and state rights and otherwise cause injury and hardship in conscious disregard of Plaintiff's rights so as to justify the imposition of exemplary and punitive damages, according to proof at trial.

84.     Plaintiff is informed, believes and thereon alleges that Defendants, and each of them, had no probable cause to believe that Plaintiff' son posed a threat to their safety, no articulable reasonable basis to endanger her life and safety.

85.     At all times during the events described above, Defendants, and each of them, were acting in a joint venture. Defendants, and each of them, assisted each other in performing the various actions described and lent their physical presence and support and the authority of

01CV 0410K (AJB)

their office to each other during the afore described events.

86.     Plaintiff is informed, believes and thereon alleges that the abuse to which Plaintiff was subjected was consistent with an institutionalized policy, practice, custom or usage of DEPARTMENT and CITY, which was known to and ratified by all Defendants, the Defendants at no time having taken any effective action to prevent DEPARTMENT or CITY personnel from continuing to engage in such misconduct.

87.     On information and belief, Defendant WHITE directly and proximately caused Plaintiff to be deprived of her constitutional rights including but not limited to his Plaintiff's rights under the First, Fourth, and Fourteenth amendments by:

a.      inadequately supervising the training and conduct of officer defendants,

b.      issuing vague, confusing, and contradictory policies concerning use of force and racial and/or ethnic criteria that are inconsistent with the requirements of the First, Fourth, and Fourteenth amendments of the United States Constitution,

c.      failing to implement meaningful procedures to discourage lawless official conduct,

d.      failing to comply with the stated mission and goals of the DEPARTMENT.

88.     Defendant WHITE negligently caused the below described injuries by failing properly to train, supervise and control the conduct of Defendant Police Officers where he had a duty to do so.

89.     CITY, under color of law, authorized, permitted, tolerated, ratified and/or acquiesced in the polity, custom and practice of the unconstitutional and excessive use of force by members of the DEPARTMENT, and in particular by each Defendant individually by:

a.      failing to properly appoint, promote, train and supervise members of the DEPARTMENT who would enforce the laws in effect and who would protect the constitutional rights of the people of the CITY,

b.      failing to require Defendant WHITE to promulgate procedures and policies, and to monitor and supervise the implementation and compliance of such procedures

01CV 0410K (AJB)

1   and policies, for the use of appropriate force and racial and/or ethnic criteria that are consistent

2   with the First, Fourth, and Fourteenth amendments,

3         c.    permitting the policy and custom of making unjustified use of force and

4   ethnic criteria to exist and to be followed by the DEPARTMENT,

5         d.    failing properly to discipline, restrict and control employees, including the

6   individual Defendants, who were irresponsible in their dealings with citizens of the community,

7         e.    failing to take adequate precautions in the hiring, promoting and retention

8   of police personnel, including specifically the individual Defendants, and thereby proximately

9   causing the depravation of Plaintiff's rights under the Fourth, Fifth, Eighth and Fourteenth

10   amendments of the United States Constitution.

11       90.    CITY and DEPARTMENT negligently caused the below described injuries to

12   Plaintiff by failing to properly train, supervise and control the conduct of Defendant's officers

13   where CITY and DEPARTMENT had a duty to do so.

14       91.    Defendants CITY and DEPARTMENT are further liable for all state law

15   violations under the doctrine of respondeat superior.

16       92.    At all times relevant, Defendants owed Plaintiff a duty of care.

17       93.    As a direct and proximate cause of the above described acts of Defendants, and

18   each of them, acting under color of law, Plaintiff suffered injuries and damages including, but

19   not limited to:

20         a.    violations of her constitutional rights under the First,  Fourth and

21   Fourteenth amendments to the United States Constitution to be free from unreasonable searches

22   and seizures, and deprivation of her right to free association,

23         b.    serious and severe emotional distress, fear and anxiety,

24         c.    humiliation and embarrassment,

25         d.    past and future medical expenses,

26         e.    damage to Plaintiff's property.

27   ///

28   ///

01CV 0410K (AJB)

# FOURTH CAUSE OF ACTION - NEGLIGENCE
## (Plaintiff Javier Perez Against All Defendants)

.      94.      Paragraphs 71 through 93 are adopted and incorporated by reference as though set forth fully herein.

95.      Defendants, and each of them, owed a duty to Plaintiff to use ordinary care in the performing of any activity from which harm might be reasonably anticipated.

96.      Plaintiff is informed, believes and thereon alleges the acts and omissions described above constitute a breach of the duty owed Plaintiff under the laws of the State of California in that Defendants, and each of them, unreasonably engaged in activity which from which harm might be unreasonably anticipated in that Defendants, and each of them either shot Plaintiff, who was unarmed and following telephonic instructions being given by Defendants at the time, distraught and vulnerable, and was provided no warning prior that he was going to be shot, or authorized, ratified, or participated in some manner in said conduct.

97.      As a direct and proximate cause of this negligence, Plaintiff has suffered damages, according to proof at trial, including, but not limited to:

        a.      permanent physical and neural  impairment,

        b.      physical pain and suffering,

        c.      serious and severe emotional trauma and suffering,

        d.      past and future medical expenses,

        e.      future expenses for rehabilitation, special education, custodial care and. or management,

        d.      loss of future earnings, and

        e.      permanent quality of life impairment.

# FIFTH CAUSE OF ACTION - NEGLIGENCE
## (Plaintiff Yesenia Perez Against All Defendants)

98.      Paragraphs 94 through 97 are adopted and incorporated by reference as though set forth fully herein.

99.      Defendants, and each of them, owed a duty to Plaintiff to use ordinary care in the

01CV 0410K (AJB)

performing of any activity from which harm might be reasonably anticipated.

100.    Plaintiff is informed, believes and thereon alleges the acts and omissions described above constitute a breach of the duty owed Plaintiff under the laws of the State of California in that Defendants, and each of them, unreasonably engaged in activity which from which harm might be unreasonably anticipated in that Defendants, and each of them either fired their weapons in the immediate vicinity of Plaintiff, thereby shooting and permanently injuring her minor brother, which action placed Plaintiff in immediate danger of being killed or seriously harmed, or authorized, ratified, or participated in some manner in said conduct.

101.    Plaintiff is further informed, believes and thereon alleges the acts and omissions described above constitute negligent infliction of emotional distress against Plaintiff under the laws of the state of California in that Defendants owed Plaintiff a duty of care not to inflict emotional distress upon Plaintiff, and disregarded the duty of care owed Plaintiff where a breach in this duty was substantially certain to result in serious and severe emotional distress in Plaintiff.

102.    As a direct and proximate cause of this negligence, Plaintiff has suffered damages, according to proof at trial, including, but not limited to:

        a.    serious and severe emotional trauma and suffering,

        b.    loss of companionship, and

        c.    past and future medical expenses.

### SIXTH CAUSE OF ACTION - NEGLIGENCE
**(Plaintiff Estela Perez Against All Defendants)**

103.    Paragraphs 98 through 102 are adopted and incorporated by reference as though set forth fully herein.

104.    Defendants, and each of them, owed a duty to Plaintiff to use ordinary care in the performing of any activity from which harm might be reasonably anticipated.

105.    Plaintiff is informed, believes and thereon alleges the acts and omissions described above constitute a breach of the duty owed Plaintiff under the laws of the State of California in that Defendants, and each of them, unreasonably engaged in activity which from

01CV 0410K (AJB)

1  which harm might be unreasonably anticipated in that Defendants, and each of them either fired

2  their weapons in the immediate vicinity of Plaintiff, thereby shooting and permanently injuring

3  her minor son, which action placed Plaintiff in immediate danger of being killed or seriously

4  harmed, or authorized, ratified, or participated in some manner in said conduct.

5        106.    Plaintiff is further informed, believes and thereon alleges the acts and omissions

6  described above constitute negligent infliction of emotional distress against Plaintiff under the

7  laws of the state of California in that Defendants owed Plaintiff a duty of care not to inflict

8  emotional distress upon Plaintiff, and disregarded the duty of care owed Plaintiff where a breach

9  in this duty was substantially certain to result in serious and severe emotional distress in

10  Plaintiff.

11        107.    As a direct and proximate cause of this negligence, Plaintiff has suffered

12  damages, according to proof at trial, including, but not limited to:

13              a.    serious and severe emotional trauma and suffering,

14              b.    loss of companionship, and

15              c.    past and future medical expenses.

16  **SEVENTH CAUSE OF ACTION**
**INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**

17  **(Plaintiff Javier Perez Against All Defendants)**

18

19        108.    Paragraphs 103 through 107 are adopted and incorporated by reference as though

20  set forth fully herein.

21        109.    Plaintiff is informed, believes and thereon alleges the acts and omissions

22  described above constitute intentional infliction of emotional distress against Plaintiff under the

23  laws of the state of California in that Defendants abused their position that gave them power to

24  damage Plaintiff's interests and acted intentionally and/or unreasonably with the recognition that

25  the acts were likely to result in serious and severe emotional distress.

26        110.    As a direct and proximate cause of this intentional infliction of emotional distress,

27  Plaintiff has suffered serious and severe emotional trauma.

28        111.    Plaintiff is informed, believes, and thereon alleges that the conduct of Defendants,

and each of them, was done with malice and oppression as a result of racial profiling and that the action taken against Plaintiff was a result of his being Hispanic, all in violation his federal constitutional and state rights and otherwise cause injury and hardship in conscious disregard of Plaintiff's rights so as to justify the imposition of exemplary and punitive damages, according to proof at trial.

**EIGHTH  CAUSE OF ACTION**
**INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**
**(Plaintiff Yesenia Perez Against All Defendants)**

112.   Paragraphs 108 through 111 are adopted and incorporated by reference as though set forth fully herein.

113.   Plaintiff is informed, believes and thereon alleges the acts and omissions described above constitute intentional infliction of emotional distress against Plaintiff under the laws of the state of California in that Defendants abused their position that gave them power to damage Plaintiff's interests and acted intentionally and/or unreasonably with the recognition that the acts were likely to result in serious and severe emotional distress.

114.   As a direct and proximate cause of this intentional infliction of emotional distress, Plaintiff has suffered serious and severe emotional trauma.

115.   Plaintiff is informed, believes, and thereon alleges that the conduct of Defendants, and each of them, was done with malice and oppression as a result of racial profiling and that the action taken against Plaintiff's brother and Plaintiff was a result of their being Hispanic, all in violation of their federal constitutional and state rights and otherwise cause injury and hardship in conscious disregard of Plaintiff's rights so as to justify the imposition of exemplary and punitive damages, according to proof at trial.

**NINTH CAUSE OF ACTION**
**INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**
**(Plaintiff Estela Perez Against All Defendants)**

116.   Paragraphs 112 through 115 are adopted and incorporated by reference as though set forth fully herein.

117.   Plaintiff is informed, believes and thereon alleges the acts and omissions described above constitute intentional infliction of emotional distress against Plaintiff under the

01CV 0410K (AJB)

1  laws of the state of California in that Defendants abused their position that gave them power to

2  damage Plaintiff's interests and acted intentionally and/or unreasonably with the recognition that

3  the acts were likely to result in serious and severe emotional distress.

4      118.    As a direct and proximate cause of this intentional infliction of emotional distress,

5  Plaintiff has suffered serious and severe emotional trauma.

6      119.    Plaintiff is informed, believes, and thereon alleges that the conduct of Defendants,

7  and each of them, was done with malice and oppression as a result of racial profiling and that the

8  action taken against Plaintiff's son and Plaintiff was a result of their being Hispanic, all in

9  violation of their federal constitutional and state rights and otherwise cause injury and hardship

10  in conscious disregard of Plaintiff's rights so as to justify the imposition of exemplary and

11  punitive damages, according to proof at trial.

## TENTH CAUSE OF ACTION - BATTERY
### (Plaintiff Javier Perez Against All Defendants)

14      120.    Paragraphs 116 through 119 are adopted and incorporated by reference as though

15  set forth fully herein.

16      121.    Plaintiff is informed, believes and thereon alleges the acts and omissions

17  described above constitute battery against Plaintiff under the laws of the state of California in

18  that Defendants physically shot Plaintiff and, failed to render timely assistance, and touched him

19  in a harmful and offensive manner and at all other times detailed above.

20      122.    As a direct and proximate cause of these batteries, Plaintiff has suffered damages,

21  according to proof at trial, including, but not limited to:

22      a.    permanent physical and neural  impairment,

23      b.    physical pain and suffering,

24      c.    serious and severe emotional trauma and suffering,

25      d.    past and future medical expenses,

26      e.    future expenses for rehabilitation, special education, custodial care and. or

27      management,

28      f.    loss of future earnings, and

1          g.     permanent quality of life impairment.

2     123.    Plaintiff is informed, believes, and thereon alleges that the conduct of Defendants,

3 and each of them, constituted intentional misrepresentation, deceit and concealment, and were

4 done with malice, oppression and fraud to deprive Plaintiff of his federal constitutional and state

5 rights and otherwise cause injury and hardship in conscious disregard of Plaintiff's rights so as to

6 justify the imposition of exemplary and punitive damages, according to proof at trial.

7         **ELEVENTH CAUSE OF ACTION - RECKLESS ENDANGERMENT**
           **(Plaintiff's Yesenia and Estela Perez)**

8

9     124.    Paragraphs 120 through 123 are adopted and incorporated by reference as though

10 set forth fully herein.

11     125.    Plaintiff is informed, believes and thereon alleges the acts and omissions

12 described above constitute reckless endangerment against Plaintiff under the laws of the state of

13 California in that Plaintiffs, and each of them, was placed into real and particular danger when

14 defendants, and each of them, shot at Javier while Plaintiffs, and each of them, stood in the

15 immediate proximity and were exposed to a substantial risk of being shot and seriously wounded

16 or killed themselves.

17     126.    As a direct and proximate cause of this reckless endangerment, Plaintiffs have

18 each suffered damages, according to proof at trial, including, but not limited to:

19          a.     serious and severe emotional trauma and suffering, and

20          b.     past and future medical expenses.

21     127.    Plaintiff is informed, believes, and thereon alleges that the conduct of Defendants,

22 and each of them,  amounted to wanton and reckless misconduct done with malice and

23 oppression to deprive Plaintiffs of their federal constitutional and state rights and otherwise

24 cause injury and hardship in conscious disregard of Plaintiffs rights so as to justify the

25 imposition of exemplary and punitive damages, according to proof at trial.

26         **REQUEST FOR EXERCISE OF SUPPLEMENTAL JURISDICTION**

27     128.    Paragraphs 124 through 127 are adopted and incorporated by reference as though

28 set forth fully herein.

01CV 0410K (AJB)

129.   Plaintiffs hereby request, pursuant to 28 U.S.C. § 1367(a), that this Court exercise supplemental jurisdiction over state claims in that plaintiffs' primary claims arise under federal law (28 U.S.C. § 1983) and plaintiffs' state claims arise out of, and form part of, the same case or controversy.

## PRAYER

**First Cause of Action - Violation of Constitutional and Civil Rights re Javier Perez:**

1.   Compensatory damages in an amount according to proof at trial;

2.   Special damages, including past, present and future medical expenses,  in an amount according to proof at trial;

3.   Emotional distress;

4.   Punitive damages in amount according to proof at trial;

5.   Costs of suit;

6.   Attorney's fees pursuant to 42 U.S.C. § 1988; and

7.   Such other and further relief as this court may deem appropriate.

**Second Cause of Action - Violation of Constitutional and Civil Rights re Yesenia Perez:**

1.   Compensatory damages in an amount according to proof at trial;

2.   Special damages, including past,  present and future medical expenses, in an amount according to proof at trial;

3.   Emotional distress;

4.   Punitive damages in amount according to proof at trial;

5.   Costs of suit;

6.   Attorney's fees pursuant to 42 U.S.C. § 1988; and

7.   Such other and further relief as this court may deem appropriate.

**Third Cause of Action - Violation of Constitutional and Civil Rights re Estela Perez:**

1.   Compensatory damages in an amount according to proof at trial;

2.   Special damages, including past, present and future medical expenses, in an amount according to proof at trial;

3.   Emotional distress;

01CV 0410K (AJB)

1        4.    Punitive damages in amount according to proof at trial;

2        5.    Costs of suit;

3        6.    Attorney's fees pursuant to 42 U.S.C. § 1988; and

4        7.    Such other and further relief as this court may deem appropriate.

**Fourth Cause of Action**

        3.    Compensatory damages in an amount according to proof at trial;

        4.    Special damages, including past, present and future medical expenses,  in an amount according to proof at trial;

        3.    Emotional distress;

        4.    Costs of suit;

        5.    Such other and further relief as this court may deem appropriate.

**Fifth Cause of Action**

        1.    Compensatory damages in an amount according to proof at trial;

        2.    Special damages, including past, present and future medical expenses,  in an amount according to proof at trial;

        3.    Emotional distress;

        4.    Costs of suit;

        5.    Such other and further relief as this court may deem appropriate.

**Sixth Cause of Action**

        1.    Compensatory damages in an amount according to proof at trial;

        2.    Special damages, including past, present and future medical expenses,  in an amount according to proof at trial;

        3.    Emotional distress;

        4.    Costs of suit;

        5.    Such other and further relief as this court may deem appropriate.

**Seventh Cause of Action**

        1.    Compensatory damages in an amount according to proof at trial;

        2.    Special damages, including past, present and future medical expenses,  in

01CV 0410K (AJB)

1        an amount according to proof at trial;

2        3.    Emotional distress;

3        4.    Costs of suit;

4        5.    Punitive damages according to proof at trial;

5        6.    Such other and further relief as this court may deem appropriate.

6    **Eight Cause of Action**

7        1.    Compensatory damages in an amount according to proof at trial;

8        2.    Special damages, including past, present and future medical expenses, in

9              an amount according to proof at trial;

10       3.    Emotional distress;

11       4.    Costs of suit;

12       5.    Punitive damages according to proof at trial;

13       6.    Such other and further relief as this court may deem appropriate.

14   **Ninth Cause of Action**

15       1.    Compensatory damages in an amount according to proof at trial;

16       2.    Special damages, including past, present and future medical expenses, in

17             an amount according to proof at trial;

18       3.    Emotional distress;

19       4.    Costs of suit;

20       5.    Punitive damages according to proof at trial;

21       6.    Such other and further relief as this court may deem appropriate.

22   **Tenth Cause of Action**

23       1.    Compensatory damages in an amount according to proof at trial;

24       2.    Special damages, including past, present and future medical expenses, in

25             an amount according to proof at trial;

26       3.    Emotional distress;

27       4.    Costs of suit;

28       5.    Punitive damages according to proof at trial;

01CV 0410K (AJB)

1            6.     Such other and further relief as this court may deem appropriate.

2 **Eleventh Cause of Action**

3            1.     Compensatory damages in an amount according to proof at trial;

4            2.     Special damages, including past, present and future medical expenses, in

5                an amount according to proof at trial;

6            3.     Emotional distress;

7            4.     Costs of suit;

8            5.     Punitive damages according to proof at trial;

9            6.     Such other and further relief as this court may deem appropriate.

10

11 Dated: 12/5/11

                                Carl M. Lewis

12                                   Attorney for the minors

13                                   Javier Perez and Yesenia Perez

14

15

16 Dated: 12/5/01

17                                   Leon J. Saad

18                                     Attorney for Estela Perez

19

20

21

22

23

24

25

26

27

28

01CV 0410K (AJB)