















```
CAG    1/27/03    14:18
3:01-CV-00410    PEREZ V. CITY OF ESCONDIDO
*158*
*MLIM.*
```

```
 1  JEFFREY R. EPP, City Attorney (SBN 123565)
    MARK A. WAGGONER, Asst. City Attorney (SBN 111205)
 2  OFFICE OF THE CITY ATTORNEY
    201 N. Broadway
 3  Escondido, California 92025
    (760) 839-4608 Tel.
 4
    Attorneys for Defendants City of Escondido,
 5  Duane White, Officer J. Murphy, Sergeant Lanigan;
    Keith Sudak; Damian Torres; Steve Lamarca;
 6  Steve Sanders; Mike Nelson; Marco Sevilla
```

FILED

03 JAN 27 PM 12:05

CLERK, U.S. DISTRICT CO.
SOUTHERN DISTRICT OF CALIF.

BY: _____ DEPUTY

## IN THE UNITED STATES DISTRICT COURT

## FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAVIER PEREZ, a minor [sic]; YESENIA PEREZ, a minor; and ESTELA PEREZ, an individual,<br><br>Plaintiffs,<br><br>v.<br><br>CITY OF ESCONDIDO, a governmental entity; ESCONDIDO POLICE DEPARTMENT, a governmental entity [sic]; DUANE WHITE, an individual; OFFICER J. MURPHY, an individual; SERGEANT LANIGAN, an individual; KEITH SUDAK; DAMIAN TORRES; STEVE LAMARCA; STEVE SANDERS; MIKE NELSON; MARCO SEVILLA and DOES 7 through 10,<br><br>Defendants. | CASE NO.: 01cv0410-K (AJB)<br><br>DEFENDANTS' MOTION IN LIMINE TO EXCLUDE ANY EVIDENCE OF PRIOR OFFICER INVOLVED SHOOTINGS INVOLVING THE ESCONDIDO POLICE DEPARTMENT<br><br>[NO. 3 OF 4]<br><br>TRIAL DATE: February 19, 2003<br>TIME: 9:00 a.m.<br>JUDGE: Hon. Judith N. Keep |

## INTRODUCTION

Plaintiffs apparently intend to offer evidence of prior officer involved shootings by the Escondido Police Department. See Pretrial Order, p. 25, Exh. 106-107, Exh. 110-112. This evidence is inadmissible hearsay, irrelevant, and its probative value is substantially outweighed by unfair prejudice, confusion and waste of time. For these reasons, Defendants move in limine for its exclusion.

///



I.

# EVIDENCE OF PRIOR OFFICER INVOLVED SHOOTINGS BY THE ESCONDIDO POLICE DEPARTMENT IS INADMISSIBLE

A. Escondido Police Records Documenting Prior Officer Involved Shootings are Inadmissible Hearsay

Plaintiffs intend to offer evidence of officer involved shootings by the Escondido Police Department by using reports documenting the investigation of prior shootings. The written reports documenting the shootings are clearly hearsay because they contain out of court statements being offered to prove the fact that the Escondido Police Department has shot individuals in the past. These records contain multiple layers of hearsay and are inadmissible pursuant to Federal Rules of Evidence, Rule 802, for which there are no applicable exceptions.

B. Escondido Police Records Documenting Prior Officer Involved Shootings are Irrelevant

The reports documenting prior incidents of officer-involved shootings are not relevant to the issues to be decided by the jury. The only issue involving the shooting remaining for the jury to decide is whether Plaintiff Javier raised the gun and pointed it at the officers. Prior police shootings have no bearing whatsoever on this issue. Even if the jury was to decide the issue of reasonableness of force, this evidence would not be relevant since the previous shootings did not involve Defendants Torres and Sudak and they have nothing whatsoever to do with Plaintiff Javier.

Instead, Plaintiffs offer this evidence in support of its allegations of conspiracy and racial profiling. In support of this fact, counsel for Plaintiff Estella Perez declared that only Hispanic males have been shot with live ammunition during the 7 year period culminating with the shooting of Javier Perez. See Declaration of Leon J. Saad In Support of Plaintiffs' Joint Opposition to Defendants' Motion for Summary Judgment, attached herewith as Exhibit A. It is obvious from this declaration that the only purpose that Plaintiffs seek to admit this evidence is to show that the officers were prejudiced against Plaintiff Javier and were engaging in racial profiling and/or conspiring to shoot Plaintiff Javier. As discussed more fully in Defendants Motion in Limine No. 1 at pages 5:1-7; 7:14-20, both theories of racial profiling and conspiracy have been dismissed by the Court. And, Plaintiffs' attorneys unsupported surmise about the race of the individuals mentioned


in the reports is completely lacking in foundation. Accordingly, this evidence is not relevant to any of the issues remaining and should be excluded pursuant to Federal Rules of Evidence, Rule 402.

C. **The Probative Value of Escondido Police Records Documenting Prior Officer Involved Shootings Is Far Outweighed by Unfair Prejudice, Confusion and Waste of Time**

Notwithstanding the fact that this evidence is inadmissible hearsay and is irrelevant, the evidence should also be excluded because its probative value is substantially outweighed by the danger of unfair prejudice to the officers, confusion of the issues to be decided by the jury, and considerations of undue delay. Allowing the admission of reports that document and investigate police officer involved shootings involving other victims would unduly prejudice Defendants, especially since Defendants were not involved in these previous shootings. In addition, the jury would likely be confused with having to determine the propriety of previous shootings that have nothing whatsoever to do with this incident. Lastly, to allow the admission of five previous shooting investigations consisting of hundreds of pages of reports would create undue delay and would be a waste of the Court's time. For these reasons, this evidence should be excluded pursuant to Federal Rules of Procedure, Rule 403.

## CONCLUSION

Based on the foregoing, Defendants respectfully request that the Court grant its motion in limine excluding the admission of Escondido police records documenting prior officer involved shootings.

DATED:     January 24, 2003                                OFFICE OF THE CITY ATTORNEY

By: _____
MARK A. WAGGONER
Assistant City Attorney/Litigation

Exhibit A

1  Carl M. Lewis, SBN 121776
   **CARL M. LEWIS**
2  1551 Fourth Ave., Suite 303
   San Diego, CA 92101
3  Tel. (619) 232-0160
   Fax (619) 232-0420
4
   Attorneys for Javier Perez, a minor;
5  Yesenia Perez, a minor

6
   Leon J. Saad, SBN 129123
7  **LAW OFFICES OF LEON J. SAAD**
     **& ASSOCIATES**
8  1551 Fourth Ave., Suite 303
   San Diego, CA 92101
9  Tel. (619) 230-8529
   Fax (619) 230-0117
10
   Attorney for Plaintiff: Estella Perez
11

12
                IN THE UNITED STATES DISTRICT COURT
13
              FOR THE SOUTHERN DISTRICT OF CALIFORNIA
14

15

| JAVIER PEREZ., an minor; YESENIA PEREZ, a minor; and ESTELA PEREZ, an individual, | Civil Case No. 01 CV 0410 K (AJB) |
|---|---|
| Plaintiffs, | DECLARATION OF LEON J. SAAD IN SUPPORT OF PLAINTIFFS' JOINT OPPOSITION TO DEFENDANTS MOTION FOR SUMMARY JUDGMENT |
| vs. | |
| CITY OF ESCONDIDO, a governmental entity; ESCONDIDO POLICE DEPARTMENT, a governmental entity; DUANE WHITE, an individual; OFFICER J. MURPHY, an individual; SERGEANT LANIGAN, an individual; KEITH SUDAK (DOE 1), an individual; DAMIAN TORRES (DOE 2), an individual; STEVE LA MARCA (DOE 3), an individual; STEVE SANDERS (DOE 4), an individual; MIKE NELSON (DOE 5), an individual; MARCO SEVILLA (DOE 6), an individual and DOES 7 through 10, | |
| Defendants. | Date: August 26, 2002<br>Time: 11:00 a.m.<br>Judge: The Honorable Judith N. Keep |

01 CV 0410 K (AJB)

1

**EXHIBIT AA**

I, LEON J. SAAD, declare as follows:

1. I am an attorney duly licensed to practice in all the Courts in the State of California, including this Court.

2. I am the attorney for Estella Perez, Plaintiff, in this action.

3. I make this declaration based upon my personal familiarity with the discovery exchanged in this case and if called as a witness I can and will testify hereto.

4. In response to discovery requests, Defendants provided information concerning all shooting incidents involving the Escondido Police Department between 1994 and the date of the shooting of Javier Perez on March 10/11, 2000.

5. Attached to the Notice of Lodgment herewith as Exhibit 46 is a true copy of an excerpt of interrogatory responses furnished by Defendants to Interrogatory no. 20, in which all incidents were identified which involve prior shootings. Additionally, Respondents furnished substantial documentation consisting of reports and investigations concerning those shooting incidents, with the identity of the shooting victims redacted out by blackening over their names.

6. After reviewing the information obtained in discovery, notwithstanding the redacting, I have ascertained that for all the incidents in which live ammunition was used in the first instance (i.e., where non-lethal force was not used) the race of the shooting victim was Hispanic, other than where a firearm was discharged against a dog. In other words, in each incident where a human was shot by the Escondido police with live ammunition the shooting victim was Hispanic. I set forth below an analysis of the relevant shooting incidents and the documentary evidence thereof where available. Based upon a careful analysis of the documentation furnished it is clear that each such shooting victim was Hispanic and I set forth the basis for that conclusion below.

7. Defendants responses to interrogatory no. 20 (Exhibit 46), references 7 shooting incidents as follows:

    a. There were two incidents involving dog shootings (3/28/99 and 4/7/96).

    b. There were two incidents involving bean bag shootings, i.e., non-lethal ammunition (3/19/96 and 8/9/96).

    c. There were 3 incidents involving shooting of humans with lethal ammunition only, dated 4/6/98; 2/19/95; and 6/6/94.

- 2 -

01 CV 0410 K (AJB)

**EXHIBIT A**

8. In each of these 3 shootings involving lethal ammunition only, the persons shot by the Escondido Police Department were Hispanic males as appears from Exhibits 47, 48 and 49 which are true copies of excerpted pages of Defendants' records produced in discovery consisting of two arrest reports reflecting "race"–H (Hispanic) and one postmortem report identifying the decedent as a Hispanic male.

9. Taken together with the shooting of Javier Perez in this case, according to Defendants discovery responses, there have been 4 incidents of officer involved shootings using only live ammunition directed at humans, in the Escondido Police Department from 1994 through March 10, 2000. In each and every one of these 4 cases the victim has been a Hispanic male; i.e., only Hispanic males have been shot with live ammunition during the 7 year period culminating with the shooting of Javier Perez.

I declare under penalty of perjury under the laws of United States that the foregoing is true and correct.

LEON J. SAAD
Attorney for Plaintiff Estella Perez

- 3 -

01 CV 0410 K (AJB)

**EXHIBIT A**